**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 14, 2015

MEMORANDUM TO COUNSEL

    Re:    *Harris v. Likin, et al.*
            Civil Action No. ELH-12-3601

Dear Counsel:

    As you know, Andre Harris, who is formerly pro se and currently incarcerated at Patuxent Institution in Jessup, Maryland, filed suit against several correctional defendants: Lieutenant Rodney Likin; Sergeant Philip Merling; CO II Marlin Randall, CO II Bret Wilburn; CO II Brad Brinegar; and CO II Vincent Lark. *See* ECF 1. Following the appointment of counsel for Mr. Harris, plaintiff filed an Amended Complaint (ECF 32, "Amended Complaint"). ECF 32, Amended Complaint. Defendant Warden Frank Bishop, Jr. moved to dismiss the Amended Complaint (ECF 36, "Motion to Dismiss"), supported by a memorandum (ECF 36-1). Plaintiff opposes the Motion (ECF 40, "Opposition"). However, plaintiff has also moved to file a Second Amended Complaint (ECF 43, "Motion for Leave").

    In the Motion for Leave, plaintiff explains, *inter alia*, ECF 43 ¶ 2:

    . . . Plaintiff seeks the Court's permission to file a Second Amended Complaint identifying with greater specificity one of the rules, regulations, and/or policies that Defendant Bishop violated, and that form the basis of Plaintiff's contention Warden Bishop knew, or should have known Mr. Harris was being subjected to, and injured by, cruel and unusual punishment.

    Plaintiff adds: "Plaintiff's counsel has consulted Defendants [sic] counsel regarding this Motion for Leave to Amend. Defense Counsel does not object to the relief requested in the Motion for Leave to Amend to File Second Amended Complaint. Defendant does not withdraw or abandon his Motion to Dismiss." *Id.* ¶ 8.

    Fed. R. Civ. P. 15(a)(2) instructs that courts should "freely" grant leave to amend pleadings "when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). A district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Foman*

- 2 -

*v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey,* 438 F.3d 404, 426–29 (4th Cir. 2006) (en banc).

      The Court is concerned about the age of this case. To be sure, there have been delays occasioned by the Court's busy docket as well as due to the appointment of and change of counsel for Harris. However, leave to amend should be freely given if justice requires. Moreover, defendants do not oppose the Motion for Leave (ECF 43). Therefore, I will grant leave to amend.

      In light of my ruling granting plaintiff leave to amend his complaint, I decline to reach the merits of Bishop's Motion to Dismiss. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quotation omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies.[] Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ").

      Notwitstanding that Bishop does not "withdraw or abandon his Motion to Dismiss" the Amended Complaint, ECF 43 ¶ 8, the Second Amended Complaint renders moot the Amended Complaint. Therefore, Bishop's Motion to Dismiss (ECF 36) is denied as moot, but without prejudice to his right to refile such a motion in response to the Amended Complaint.

      Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

      Very truly yours,

      /s/

      Ellen Lipton Hollander
      United States District Judge